NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERMAN M. BELL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GODWIN UGWUEZE; CHINYERE NYENKE; CLARENCE CRYER; MELISSA FRITZ; LAUARA MERRITT; MARK MCCOY; LILIANNA LEPE; STUART TAMALE; KAYLA ESPINOSA; KAYLEE WICKERT; AGNES BASA; JANUARY RACCA; LOVINAH ABRAHAM, <br><br> Defendants-Appellees. | No. 22-16119 <br><br> D.C. No. 1:21-cv-00998-JLT-EPG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Sherman M. Bell appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Bell's action because Bell failed to allege facts sufficient to show that defendants demonstrated deliberate indifference to his serious medical needs. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (holding deliberate indifference "is a high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here is no respondeat superior liability under section 1983.").

Bell's reliance on *Medical Development International v. California Department of Corrections & Rehabilitation*, 585 F.3d 1211 (9th Cir. 2009), is unavailing as it is not relevant to his claims.

22-16119

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**